UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff/Respondent,

v.

MICHAEL P. BISCHOFF,

       Defendant/Movant.
_____/

CASE NO. 95-CR-80889
04-CV-74383-DT
JUDGE LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    A.   *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B.   *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        1.    *Claims I-III* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        2.    *Ineffective Assistance Claims (Claims IV-VIII)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
            a. Plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
            b. Sentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
            c. Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    D.   *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
III.  NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

\*     \*     \*     \*     \*

I.    RECOMMENDATION: The Court should deny defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

II.   REPORT:

A.   *Procedural Background*

Defendant/movant Michael P. Bischoff is a federal prisoner, currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia. In 1997, defendant was convicted in this Court of multiple counts of bank fraud, wire fraud, and conspiracy. Defendant was sentenced to a term of 30 months' imprisonment, to be followed by a five year term of supervised release. The

Sixth Circuit affirmed petitioner's conviction and sentence. *See United States v. Bischoff*, No. 97-1980, 1999 WL 644340 (6th Cir. Aug. 19, 1999).

On June 7, 2004, defendant was charged with violating the conditions of his supervised release. The government charged four violations: (1) new criminal conduct, consisting of fraud; (2) failure to report to the probation officer a mortgage loan and vehicle purchase; (3) failure to follow the probation officer's instructions regarding the filing of income tax returns; and (4) obtaining new loans or credit without approval of the probation department. On June 23, 2004, defendant was also charged separately with new criminal conduct. *See* Case No. 04-80552 (assigned to Judge Victoria A. Roberts). Defendant, through counsel, negotiated a plea agreement with the government to resolve the outstanding criminal charges in Case No. 04-80552, as well as the supervised release violations in this case. Under the agreement, defendant agreed to plead guilty to Count 1 of the information in Case No. 04-80552 (making a false statement to a bank on an application for credit), and to admit to all of the violations alleged in the petition for revocation of supervised release in this case. *See* Rule 11 Plea Agreement, in Case No. 04-80552, ¶ 1(A) (attached as Exhibit A to the Government's response brief). Under the agreement, the government agreed, pursuant to Rule 11(c)(1)(C), that defendant's sentence should be no more than 24 months' imprisonment, and that any sentence in Case No. 04-80552 should run concurrent with any sentence imposed as a result of the pending petition to revoke supervised release in this case. *See id.*, ¶ 2(A). The parties also attached a worksheet, reflecting the parties understanding of the correct application of the Sentencing Guidelines, which would yield a sentencing range of 18-24 months' imprisonment. *See id.*, ¶ 3(A) & Worksheet D. The parties agreed that if the Court rejected the agreement, including the guideline calculations, defendant would be permitted to withdraw the plea. *See id.*, ¶ 3(B).

Finally, defendant waived his rights to appeal, to indictment on sentencing factors, and to a jury trial on sentencing factors. *See id.*, ¶¶ 7-9.

Pursuant to the plea agreement, defendant entered a plea of guilty to the supervised release violations on August 5, 2004. The Court sentenced defendant to a term of 24 months' imprisonment. On August 26, 2004, defendant pleaded guilty to Count 1 of the indictment in Case No. 04-80552. On September 27, 2004, Judge Roberts sentenced defendant to a term of 18 months' imprisonment, to run concurrent with the sentence in this case. Defendant did appeal his conviction or sentence in either case.

On November 10, 2004, defendant filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant filed a second amended motion on January 11, 2005, and a third amended motion on January 19, 2005. Defendant's third amended motion raises eight grounds for relief: (1) the Court erred in sentencing defendant to 24 months' imprisonment; (2) the Court erred in finding defendant guilty of supervised release violations #2 and #3; (3) the Court erred in finding defendant guilty of supervised release violation #1; (4) counsel was ineffective for not objecting to the sentence imposed; (5) counsel was ineffective with respect to his negotiation of the plea agreement and for not moving for a downward departure; (6) counsel was ineffective for not objecting to the supervised release violation relating to restitution, which was based on sentencing guidelines not in effect at the time of defendant's conviction; (7) counsel was ineffective for not advising defendant of his right to appeal, and for not filing a notice of appeal; and (8) counsel was ineffective for not placing on the record defendant's cooperation agreement with the government, which would have resulted in a sentence reduction.

The government filed a response to defendant's motion on March 30, 2005. The government

3

argues that defendant's first three claims are not cognizable on collateral attack, and alternatively that the claims are procedurally defaulted. The government also argues that defendant's remaining claims, alleging ineffective assistance of counsel, are without merit. Petitioner filed a reply, styled as a motion for summary judgment, on April 18, 2005.

B.  *Legal Standard*

The substantive provisions of § 2255, which were not altered by the Antiterrorism and Effective Death Penalty Act of 1996, provide that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. Thus, a defendant may be entitled to § 2255 relief if his conviction or sentence violates either the Constitution or a federal statute. However, in order to obtain relief under § 2255 on the basis of a nonconstitutional–*i.e.*, statutory or rule–error, the record must reflect a fundamental defect in the proceedings which inherently causes a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *See Reed v. Farley*, 512 U.S. 339, 348 (1994) (Ginsburg, J.); *id.* at 355-56 (Scalia, J.); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam). As the Seventh Circuit has explained:

> Where "mere statutory violations are at issue," as here, the Supreme Court has recently held that § 2255 can only avail a petitioner if the alleged error spawned a "'fundamental defect which inherently results in a complete miscarriage of justice.'" Federal courts lack the power under § 2255 to rectify errors that fall short of "vitiat[ing] the sentencing court's jurisdiction or are otherwise of constitutional magnitude."

*Broadway v. United States*, 104 F.3d 901, 903 (7th Cir. 1997) (quoting, respectively, *Reed*, 512 U.S. at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (citations omitted), and *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993)) (citations omitted) (alteration in original).

C.   *Analysis*

   1.   *Claims I-III*

In Claims I through III, defendant raises various challenges to his sentence and the Court's finding of a probation violation. Specifically, defendant contends that the Court misapplied U.S.S.G. § 7B1.4 in imposing sentence (Claim I); improperly violated defendant on violation #2 and #3 (Claim II); and improperly violated defendant on violation #1 (Claim III). The Court should conclude that defendant is not entitled to relief on these claims.

As part of his plea agreement, defendant pleaded guilty to each of the violations set forth in the petition to revoke supervised release. Defendant does not claim that his guilty plea was not knowingly and voluntarily entered. Thus, with respect to Claims II and III, defendant cannot challenge the sufficiency of the Court's finding of a supervised release violation. As the Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea. He may only attack the voluntary and intelligent character of the guilty plea[.]

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984); *see also*, *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Broce*, 488 U.S. 563, 569 (1989). In short, "[a] voluntary and unconditional guilty plea generally waives any non-jurisdictional claims that arose before the plea." *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002); *United States v. Lanier*, 201 F.3d 842, 846-47 (6th Cir. 2000); *Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-

34 (E.D. Mich. 2002) (Roberts, J.).

Here, defendant does not claim that his guilty plea was not knowingly and voluntarily entered. Nor does his challenge to the Court's finding of guilty on the various supervised release violations raise a jurisdictional defect in the proceedings. Thus, his collateral attack on the guilty plea is not cognizable in this § 2255 motion.

Similarly, with respect to Claim I, defendant may not collaterally attack the sentence imposed by the Court. Defendant contends that the Court misapplied the United States Sentencing Guidelines, specifically § 7B1.1, in imposing sentence. As explained above, however, relief for nonconstitutional errors under § 2255 is limited to errors which affect the fundamental fairness of the defendant's conviction and sentence. *See Reed*, 512 U.S. at 348. Thus, "an error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also*, *Eaddy v. United States*, 20 Fed. Appx. 463, 464 (6th Cir. 2001); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Here, even if the Court misapplied § 7B1.1, defendant cannot show that the Court's error resulted in a complete miscarriage of justice. Defendant was sentenced within the maximum guideline sentence reflected in his plea agreement. Because defendant was sentenced within the range reflected in the plea agreement, to which he voluntarily acceded, defendant cannot show that the Court's sentence resulted in a complete miscarriage of justice. *See Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996); *Davis v. United States*, 329 F. Supp. 2d 560, 564 (S.D.N.Y. 2004). Accordingly, the Court should conclude that defendant is not entitled to relief on this claim.

    2.    *Ineffective Assistance Claims (Claims IV-VIII)*

Defendant next raises several claims that his counsel rendered constitutionally inadequate assistance. The Sixth Amendment right to counsel and the right to effective assistance of counsel protects the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, defendant must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong of the *Strickland* inquiry, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors," the result of the proceeding would have been different. *Id*. at 695. With respect to the plea itself, to establish prejudice defendant must show that

7

After applying these standards to petitioner's ineffective assistance claims, the Court should conclude that defendant was not denied effective assistance of counsel.[1]

### *a. Plea*

Defendant raises a number of challenges to counsel's handling of his guilty plea. Specifically, he contends that counsel was ineffective for failing to: (1) raise a viable defense to the supervised release violation charges; and (2) negotiate an agreement with a stipulated sentence.

Defendant contends that he had viable defenses to the probation violation charges, and that counsel should have pursued these defenses rather than advising him to plead guilty. Defendant's allegedly viable defenses, however, are without merit. For example, defendant contends that violations #2 and #3 were not timely, because the violations occurred well before the revocation petition was filed. This argument is based on U.S.S.G. § 7B1.2, which requires a probation officer to report a violation "promptly." However, the provisions of Chapter 7 of the Sentencing Guidelines reflect merely policy statements of the Sentencing Commission, and thus are not mandatory. As several courts have recognized, "[t]he probation officer's failure to promptly report [a supervised release] violation . . . does not give [rise to] a cognizable claim, because Chapter 7 policy statements are advisory, not mandatory." *United States v. Sanchez*, 225 F.3d 172, 177 (2d Cir. 2000); *see also*, *United States v. Lopez*, 985 F. Supp. 59, 63 (D.R.I. 1997). Nor did the delay violate defendant's right to due process. Delay in pursuing a supervised release violation amounts to a violation of due process only "if the delay does in fact prejudice the defendant by substantially limiting the ability to defend against the charge that the conditions of supervised release were violated." *United States*

---

[1] Defendant's ineffective assistance claims overlap in various respects. Thus, rather than addressing the issues claim by claim as set forth in defendant's motion, I group the claims by the stage of the proceedings to which they relate.

*v. Ramos*, 401 F.3d 111, 116 (2d Cir. 2005); *see also*, *United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996); *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994) (per curiam). Defendant does not allege that he was prejudiced in his ability to defend against the supervised release charges, such as by the loss of evidence or witnesses, and thus he cannot establish a due process violation. Thus, any attempt by counsel to object to the inclusion of these violations would have been meritless, and counsel was therefore not ineffective for failing to raise these objections.

Nor was counsel ineffective for failing to challenge violation #1. Violation #1 charged that defendant was charged in a criminal case in this Court on October 31, 2003, in Case No. 03-80983. Defendant contends that this violation did not support a revocation of supervised release because the charges in that case were dismissed. The relevant fact was not, however, the filing of the criminal charges, but the underlying criminal conduct.[2] The supervised release statute requires that "[t]he court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d). For a violation of this mandatory condition of supervised release to warrant revocation, the criminal conduct need not result in a conviction. As the Sixth Circuit has explained, a court may revoke supervised release on the basis of new criminal conduct "even if (1) the defendant is later acquitted of all charges arising from the same conduct, (2) all criminal charges arising from the same conduct are dismissed prior to trial, or (3) the defendant's criminal conviction is subsequently overturned." *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (internal quotation omitted); *see also*, *United States v. Jolibois*, 294 F.3d 1110, 1114 (9th Cir. 2002) ("A violation of supervised release

---

[2]Notably, the case was not dismissed for any reason relating to the merits of the charges. Rather, the case was dismissed without prejudice on the government's motion.

is determined on the basis of the defendant's conduct; it may be found whether [defendant] was ever indicted or convicted of any particular offense."); *United States v. Fleming*, 9 F.3d 1253, 1254 (7th Cir. 1993) ("A conviction is not a prerequisite to the revocation of probation."). Thus, any challenge to violation #1 would have been meritless, and counsel was therefore not ineffective for failing to raise such a challenge.

Finally, defendant contends that counsel was ineffective for failing to negotiate an agreement which would have included a stipulated sentence. Counsel did, however, secure an agreement that contained a stipulation as to the appropriate Guideline calculations for the underlying criminal charges in Case No. 04-80552, and which both (a) required that the supervised release violation and underlying criminal sentences run concurrent with each other, despite the Guideline provision suggesting that they should run consecutively, and (b) capped the total sentence at 24 months' imprisonment, despite the fact that defendant faced a potentially much greater sentence on the underlying criminal charges. Counsel negotiated a highly favorable plea agreement on defendant's behalf. "[C]ounsel's duty under the Constitution was to negotiate a reasonably favorable plea agreement, not the best one possible." *Abreu v. United States*, 925 F. Supp. 1404, 1411 (N.D. Ind. 1996); *cf. Marion v. United States*, No. 94-5180, 1994 WL 545441, at *2 (6th Cir. Oct. 5, 1994) (Defendant "appears to now believe he might have gotten a better deal by pleading guilty to a different count. This is wholly insufficient to invalidate a plea agreement.")."The fact that . . . defendant may [now] regret having followed his attorney's advice is not grounds for relief under 28 U.S.C. § 2255." *United States v. Kranzthor*, 614 F.2d 981, 983 (5th Cir. 1980).

Accordingly, the Court should conclude that defendant is not entitled to relief based on counsel's performance with respect to the pre-plea and plea stages of his representation of

defendant.

### *b. Sentencing*

Defendant also raises a number of challenges to counsel's handling of his sentencing. Specifically, he contends that counsel was ineffective for failing to: (1) object to the Court's application of U.S.S.G. § 7B1.1; (2) object to the Court's findings regarding sentencing factors; (3) move for a downward departure; and (4) bring to the Court's attention defendant's cooperation agreement with the government.

Defendant first contends that the Court misapplied U.S.S.G. § 7B1.1, and that counsel should have objected to this misapplication of the Guideline. Defendant contends that, under § 7B1.1, his conduct constituted a Grade C violation, and that under § 7B1.4(a) he was therefore subject to a term of only 3-9 months' imprisonment. Even assuming that defendant's interpretation of these Guidelines is correct, he cannot show that the Court's sentence was erroneous, and therefore that counsel was ineffective. Sentencing for a supervised release violation is governed by 18 U.S.C. § 3583(e)(3), which directs a court to consider the factors set forth in 18 U.S.C. § 3553(a). The Guidelines in Chapter 7, including §§ 7B1.1 and 7B1.4, are not mandatory guidelines but are rather policy statements which are not binding on the Court. For this reason, the only requirement for a supervised release violation is that the Court consider the factors set forth in § 3553(a), and that the sentence imposed not be "plainly unreasonable." *See United States v. Pixler*, 40 Fed. Appx. 82, 83 (6th Cir. 2002); *United States v. Webb*, 30 F.3d 687, 689 (6th Cir. 1994). Defendant does not contend that the Court failed to consider the § 3553(a) factors, nor can he argue that the sentence, which was within the stipulated maximum reflected in the plea agreement, was plainly unreasonable. Therefore, he cannot show a reasonable probability that the Court's sentence would have been

different had counsel objected to the sentence on the basis of U.S.S.G. §§ 7B1.1 and 7B1.4.

Defendant next contends that counsel was ineffective for failing to challenge the Court's calculation of sentencing factors which increased his sentence. Defendant's argument is based on the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In that case the Court, expanding on its decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004), held that any fact which increases a maximum sentence under the United States Sentencing Guidelines must be set forth in the indictment and proved to a jury beyond a reasonable doubt. *See Booker*, 125 S. Ct. at 748-56. Defendant contends that his sentence was based on facts which were not pleaded to in his guilty plea and thus violates *Booker*, *Blakely*, and *Apprendi*, and that counsel should have objected to his sentence on this basis. *Booker*, however, is inapplicable here for two reasons.

First, in *Booker*, the Court did not overturn the Guidelines *in toto*. Rather, the Court held that the *Apprendi* rule is met simply by overturning the provision of the Guidelines that renders them mandatory, and treating the Guidelines as advisory. *See Booker*, 125 S. Ct. at 756-57. As noted above, the Chapter 7 guidelines are merely advisory policy statements, and not binding sentencing guidelines. The Chapter 7 guidelines thus parallel the advisory-type guidelines which the Court approved in *Booker*. *See United States v. Crosby*, 397 F.3d 103, 116 (2d Cir. 2005); *United States v. Roen*, 360 F. Supp. 2d 926, 926 (E.D. Wis. 2005). "Because the sentencing guideline range calculated under U.S. Sentencing Guidelines § 7B1.4(a) (2000) is purely advisory, *Booker* does not apply to sentences imposed upon revocation of supervised release." *United States v. Dawson*, ___ Fed. Appx. ___, ___, 2005 WL 984190, at *1 (4th Cir. Apr. 28, 2005) (per curiam); *see also*, *United States v. Coleman*, ___ F.3d ___, ___, 2005 WL 937269, at *1 (8th Cir. Apr. 25, 2005) (per curiam).

12

Thus, counsel was not ineffective for failing to raise what would have been a meritless *Apprendi/Blakely/Booker* challenge to defendant's sentence.

Second, defendant expressly waived his *Apprendi*-based rights in the plea agreement. In the agreement, defendant waived his right to both indictment and jury trial on sentencing factors. *See* Plea Agreement, ¶¶ 8-9. This waiver negates any *Apprendi* issues. *See Blakely*, 124 S. Ct. at 2541.

Defendant also contends that counsel was ineffective for failing to move for a downward departure based on the economic harm to others if he were imprisoned, and for failing to point out to the Court defendant's substantial cooperation with the government. Because there was no mandatory Guideline range, however, there was nothing from which the Court could depart, either based on economic harm to others or on defendant's cooperation with the government. Further, defendant's cooperation was reflected in the plea agreement itself, and thus was known to the Court at the time sentence was imposed. Thus, defendant cannot show that counsel was deficient in these respects, nor that there is a reasonable probability that his sentence would have been different had counsel raised these matters.

Accordingly, the Court should conclude that defendant is not entitled to relief based on counsel's assistance during the sentencing phase of the case.

### c. Appeal

Finally, defendant contends that counsel was constitutionally ineffective for failing to advise him of his appeal rights, and for failing to file a timely notice of appeal. As defendant notes, counsel's failure to file a notice of appeal upon request from the defendant ordinarily constitutes ineffective assistance of counsel without any additional showing of prejudice. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). While this is true in the general sense, however,

>    the facts of this case dictate a different result.
>
>    [Defendant] waived his right to an appeal and is therefore precluded form asserting ineffective assistance of counsel based upon counsel's failure to file a notice of appeal. Because [defendant] was sentenced within the stipulated sentencing range and he had expressly waived his right to appeal, counsel's failure to file a notice of appeal was not objectively unreasonable.

*Garcia v. United States*, No. 02 Civ. 5603, 2003 WL 21108307, at *4 (S.D.N.Y. May 15, 2003); *see also*, *United States v. Thomas*, 49 Fed. Appx. 781, 785 (10th Cir. 2002). Accordingly, the Court should conclude that defendant is not entitled to relief on this ineffective assistance claim.

D.   *Conclusion*

In view of the foregoing, the Court should conclude that defendant has not established his entitlement to relief under § 2255 because his claims are either without merit or not cognizable. Accordingly, the Court should deny defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 5/4/05